**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES HERMAN, an individual, | No. 13-55820 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00233-JFW-RZ |
| v. | |
| US BANK NA, as Trustee for the benefit of Harbor View 2005-1 Trust Fund, a National Association and BAC HOME LOANS SERVICING LP, a Texas Limited Partnership, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 2, 2015**
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant James Herman appeals the district court's dismissal of his complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291.

Herman does not contest that he is in default on his mortgage or that the original lender could foreclose on his home. Instead, he premises his wrongful foreclosure claim on "asserted defects in the chain of assignments and the absence of 'lawful ownership' of the note" by the defendants. *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 444 (2012). Such defects are insufficient to show prejudice, *see id.* at 443–44, and Herman failed to plead any other facts demonstrating prejudice. Therefore, the district court did not err in dismissing Herman's claim for wrongful foreclosure. *See Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1507 (2012).

For the first time on appeal, Herman argues that the defendants breached their duty of care by failing to provide an adequate response to his inquiries regarding a loan modification. Herman waived this theory of relief because he failed to raise this claim in his complaint or to the district court. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008). Even if we were to address the merits of this claim, we would affirm the district court, because the defendants did not agree to review and process Herman's loan modification and therefore did not

2

owe him a duty of care.  *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.

App. 4th 49, 67 (2013); *see also Alvarez v. BAC Home Loans Servicing, L.P.*, 228

Cal. App. 4th 941, 948–49 (2014) (finding a duty where "defendants allegedly

agreed to consider modification of the plaintiffs' loans").

**AFFIRMED.**